**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

```
-----------------------------------------------------------------------x
IN RE CEDAR REALTY TRUST, INC.              :        CONSOLIDATED
PREFERRED SHAREHOLDER LITIGATION            :
                                            :        Case No. 8:22-cv-1103-GLR
                                            :
                                            :
-----------------------------------------------------------------------x
```

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO CERTIFY A QUESTION**
**OF LAW TO THE SUPREME COURT OF MARYLAND**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................... 1

RELEVANT FACTUAL BACKGROUND...................................................................................... 2

RELEVANT PROCEDURAL HISTORY ....................................................................................... 2

ARGUMENT.................................................................................................................................... 3

I.      The Supreme Court and the Fourth Circuit Strongly Encourage Trial Courts to
Use a State's Certification Procedure to Resolve Unsettled Questions of State
Law That Are Potentially Determinative of an Issue in Pending Litigation........................3

II.     The Proposed Question Satisfies the Prerequisites for Certification .................................5

         A.     The Proposed Question May Be Determinative of a Key Legal Issue in the
Action..........................................................................................................................5

         B.     Maryland Law Concerning the Proposed Question is Long Unsettled....................6

III.    The Court Should Exercise its Discretion to Certify the Proposed Question ......................8

CONCLUSION................................................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Antonio v. SSA Sec., Inc.*, 749 F.3d 227 (4th Cir. 2014) ............................................................ 5, 6

*Blondell v. Littlepage*, 991 A.2d 80 (Md. 2010) ...................................................................... 2, 7

*Bourgeois v. Live Nation Ent.*, Inc., 2012 WL 2234363, at *10 (D. Md. June 14, 2012), ......... 4, 6

*Clancy v. King*, 954 A.2d 1092, 1109 (Md. 2008) ...................................................................... 2, 7

*Daniyan v. Viridian Energy LLC*, 2015 WL 4031752, at *4 (D. Md. June 30, 2015) ................... 6

*Dominion Rental Holdings, LLC v. Shannon Menapace, et al.*, 2023 WL 1097346 (Md. Ct. Spec. App. Jan. 30, 2023) ................................................................................................................. 1

*E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175 (4th Cir. 2000) .......................... 6

*Hardwire LLC v. Goodyear Tire & Rubber Co.*, 360 F. Supp. 2d 728 (D. Md. 2005) .................. 4

*Layani v. Ouazana*, 2022 WL 11949038 (D. Md. Oct. 20, 2022) ................................................. 7

*Lehman Bros. v. Schein*, 416 U.S. 386 (1974) .......................................................................... 4, 8

*Price v. Murdy*, 2018 WL 1583551 (D. Md. Mar. 30, 2018) ...................................................... 3, 4

*Questar Builders, Inc. v. CB Flooring, LLC*, 978 A.2d 651 (Md. 2009) ......................................... 7

*Sartin v. Macik*, 535 F.3d 284 (4th Cir. 2008) .......................................................................... 4, 9

*Tapestry, Inc. v. Factory Mut. Ins. Co.*, 599 F. Supp. 3d 331 (D. Md. 2022) ........................ 3, 4, 9

*United Bank v. Buckingham*, 449 F. Supp. 3d 521 (D. Md. 2020) ............................................ 3, 4

*Wal-Mart Real Est. Bus. Tr. v. Garrison Realty Invs.*, LLC, 2022 WL 3647781 (D. Md. Aug. 24, 2022) ........................................................................................................................................ 7

*Whitfield v. Liberty Mut. Grp. Inc.*, 2019 WL 1099077 (D. Md. Mar. 8, 2019) ........................... 8

*Willis v. Bank of Am. Corp.*, 2014 WL 3829520 (D. Md. Aug. 1, 2014) ...................................... 8

*WSC/2005 LLC v. Trio Ventures Assocs.*, 190 A.3d 255, 268 (Md. 2018) .................................. 6

**Statutes**

Md. Code Ann., Cts. & Jud. Proc. § 12-603 ................................................................................. 3

Maryland Rule 8-305(b)-(d) ...................................................................................................... 4, 5

Plaintiffs respectfully submit this memorandum of law in support of their motion to certify a question of law to the Supreme Court of Maryland.[1]

## PRELIMINARY STATEMENT[2]

The Supreme Court and the Fourth Circuit strongly encourage trial courts to use a state's certification procedure to resolve unsettled questions of state law that are potentially determinative of key legal issues in a pending litigation. (Point I below).

Here, Count I of the Complaint asserts a claim for breach of the duty of good faith and fair dealing ("Good Faith Duty") implied under Maryland law in the Articles Supplementary governing the Preferred Stock. (¶¶ 158-70). While there is no dispute that Maryland law implies the Good Faith Duty in all contracts governed by Maryland law, the precise scope of the Good Faith Duty has been formulated inconsistently by multiple Maryland state and federal courts for over a decade, and is thus long unsettled. (Point II.B below).

On the one hand, several Maryland Supreme Court decisions, as well as multiple Maryland state and federal courts, have held that the Good Faith Duty broadly obligates a party to a contract to refrain from *any* action that would have the effect of injuring or frustrating the right of a counterparty to receive the fruits of the contract between them (the "Broad View").

On the other hand, at least one Maryland Supreme Court decision, as well as multiple Maryland state and federal courts, have held that the Good Faith Duty narrowly obligates a party

---

[1] On December 14, 2022, the Maryland Court of Appeals was renamed the Supreme Court of Maryland. *See Dominion Rental Holdings, LLC v. Shannon Menapace, et al.*, 2023 WL 1097346, at *1 n.1 (Md. Ct. Spec. App. Jan. 30, 2023).

[2] All references to ("¶__)" are to paragraphs in the Consolidated Amended Class Action Complaint. (Dkt. No. 39) ("Complaint"). Any capitalized term not defined herein has the meaning given to it in the Complaint. In all quotations from documents or cases, any emphasis is added, and internal quotation marks and citations are omitted, unless otherwise noted.

to a contract to refrain *only* from acting in a manner that prevents the counterparty from performing its contractual obligations (the "Narrow View").

The precise scope of the Good Faith Duty is likely determinative of Plaintiffs' Good Faith Duty claim. Plaintiffs contend that the Broad View is the correct standard by which to evaluate the merits of that claim (and that the courts adopting the Narrow View have misinterpreted Maryland law), while Defendants argue that the Narrow View is the correct standard by which to determine that claim. As such, Plaintiffs respectfully submit that the Court should seek clarity concerning the long-unsettled scope of the Good Faith Duty by certifying the following question ("Proposed Question") to the Supreme Court of Maryland (which can then issue a precedential decision binding on all Maryland state and federal courts):

> Does the duty of good faith and fair dealing implied in all contracts under Maryland law obligate a party to a contract to (i) broadly refrain from any action that would have the effect of injuring or frustrating the right of the counterparty to receive the fruits of the contract between them ("Broad View") (*see, e.g.*, *Clancy v. King*, 954 A.2d 1092, 1109 (Md. 2008)), or (ii) narrowly refrain only from actions that would prevent the counterparty from performing its obligations under the contract ("Narrow View") (*see, e.g.*, *Blondell v. Littlepage*, 991 A.2d 80, 90-91 (Md. 2010))?

## RELEVANT FACTUAL BACKGROUND

Plaintiffs respectfully refer the Court to pages 3-12 of their Memorandum of Law in Opposition to the Motion to Dismiss of the Director Defendants (Dkt. No. 43) for the facts relevant to this Motion.

## RELEVANT PROCEDURAL HISTORY

On October 7, 2022, Cedar and Wheeler ("Entity Defendants") moved to dismiss, *inter alia*, Plaintiffs' claim for breach of the Good Faith Duty against Cedar on the ground that, under the Narrow View, the Complaint does not adequately plead a claim against them for breach of the Good Faith Duty. (Dkt. No. 42-1 at 15-18).

On November 21, 2022, Plaintiffs opposed the Motion to Dismiss the claim against Cedar

for breach of the Good Faith Duty on the ground that (i) the Broad View of the Good Faith Duty

is the correct standard by which to evaluate the merits of Plaintiffs' Good Faith Duty claim, and

(ii) Plaintiffs adequately state a claim against Cedar for breach of the Good Faith Duty under the

Broad View. (Dkt. No. 46 at 3-15).

On December 21, 2022, the Entity Defendants filed a reply brief in further support of their

Motion to Dismiss, which repeated their argument that the Narrow View is the correct standard by

which to evaluate the merits of Plaintiffs' claim against Cedar for breach of the Good Faith Duty.

(Dkt. No. 47 at 1-5).

## ARGUMENT

I.    **The Supreme Court and the Fourth Circuit Strongly Encourage Trial Courts to Use a State's Certification Procedure to Resolve Unsettled Questions of State Law That Are Potentially Determinative of an Issue in Pending Litigation**

"The State of Maryland has authorized federal courts to certify unsettled questions of state

law to its [highest court]." *Tapestry, Inc. v. Factory Mut. Ins. Co.*, 599 F. Supp. 3d 331, 333 (D.

Md. 2022) (Russell, J.), *certified question answered*, No. 1, SEPT. TERM, 2022, 2022 WL

17685594 (Md. Dec. 15, 2022); *see also Price v. Murdy*, CA No. GLR-17-736, 2018 WL 1583551,

at \*7 (D. Md. Mar. 30, 2018) (Russell, J.), *certified question answered*, 198 A.3d 798 (Md. 2018)

(same).

Under the Maryland Uniform Certification of Questions of Law Act (the "Act"), the

Maryland Supreme Court has the power to "answer a question of law certified to it by a court of

the United States. . . *if the answer may be determinative of an issue in pending litigation in the*

*certifying court* and there is no controlling appellate decision, constitutional provision, or statute

of this State." *Price*, 2018 WL 1583551, at \*8 (quoting Md. Code Ann., Cts. & Jud. Proc. § 12-

603); *see also United Bank v. Buckingham*, 449 F. Supp. 3d 521, 532 (D. Md. 2020), *certified*

*question answered*, 247 A.3d 336 (2021) (certifying question "because guidance from Court of Appeals as to this question is *potentially outcome determinative*.").

The Fourth Circuit has strongly encouraged courts to resort to certification, explaining that it "greatly facilitate[s] the resolution of unresolved questions of state law . . . by ensuring the correct legal outcome, aiding in judicial economy, and manifesting proper respect for federalism." *Sartin v. Macik*, 535 F.3d 284, 291 n.6 (4th Cir. 2008); *see also Tapestry*, 599 F. Supp. 3d at 334 ("The purpose of the Act is 'to promote the **widest possible use** of the certification process in order to promote judicial economy and the proper application of [Maryland]'s law.'") (emphasis in original).

Likewise, the United States Supreme Court has strongly encouraged courts to use the certification procedure because it "save[s] time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

Consistent with such encouragement, Maryland federal courts have regularly certified unsettled questions of Maryland law to Maryland's highest court. *See, e.g.*, *Tapestry*, 599 F. Supp. 3d at 337; *United Bank*, 449 F. Supp. 3d at 532; *Price*, 2018 WL 1583551, at *8; *Bourgeois v. Live Nation Ent.*, Inc., No. CIV.A. ELH-12-58, 2012 WL 2234363, at *10 (D. Md. June 14, 2012), *certified question answered*, 430 Md. 14 (2013); *Hardwire LLC v. Goodyear Tire & Rubber Co.*, 360 F. Supp. 2d 728, 737-38 (D. Md. 2005).[3]

---

[3] Logistically, Maryland Rule 8-305(b), which supplements the Act, provides that "a certifying court, on motion of any party . . . may submit to the Court of Appeals a question of law of this State . . . by filing a certification order. The certification order shall be signed by a judge of the certifying court and state the question of law submitted, the relevant facts from which the question arises, and the party who shall be treated as the appellant in the certification procedure. The original order shall be forwarded to the Court of Appeals by the clerk of the certifying court under its official seal, together with the filing fee for docketing regular appeals, payable to the Clerk of the Court of Appeals." Md. Rule 8-305(b). The Rule further provides that "[t]he filing
*(continued . . .)*

## II.  The Proposed Question Satisfies the Prerequisites for Certification

The Fourth Circuit has prescribed a two-step inquiry for determining whether certification

to the Maryland Supreme Court is appropriate. *First*, a court must consider whether the question

at hand "may be determinative of an issue in pending litigation." *Antonio v. SSA Sec., Inc.*, 749

F.3d 227, 234 (4th Cir. 2014), *certified question answered*, 110 A.3d 654 (2015). *Second*, a court

should look to whether there is a "controlling appellate decision, constitution provision, or statute

of [Maryland]." *Id.* Plaintiffs' request to certify the Proposed Question easily satisfies both

requirements.

### A.  The Proposed Question May Be Determinative of a Key Legal Issue in the Action

The proposed question here satisfies the first prong for certification because it is potentially

determinative of a key legal issue in the case. Count I of the Complaint alleges a claim for breach

of the Good Faith Duty. (¶¶ 158-70). Whether the allegations of bad faith in the Complaint

adequately plead a claim for breach of the Good Faith Duty against Cedar will likely turn on

whether the Court adopts the Broad View or the Narrow View. As noted, Plaintiffs contend that

the Broad View is the correct standard by which to evaluate the merits of their claim for breach of

the Good Faith Duty (and that the courts adopting the Narrow View have misinterpreted Maryland

law), while Defendants have argued that the Narrow View is the correct standard by which to

determine that claim. Certifying the Proposed Question will provide the Maryland Supreme Court

with an opportunity to clarify whether the Broad View or the Narrow View is the correct standard.

---

of the certification order in the Court of Appeals shall be the equivalent of the transmission of a
record on appeal." Md. Rule 8-305(c). The Court of Appeals will then issue a written opinion
"stating the law governing the question certified." Md. Rule 8-305(d).

B.        **Maryland Law Concerning the Proposed Question is Long Unsettled**

When there is uncertainty in the caselaw concerning the viability of a claim under Maryland

state law, a question should be certified to the Maryland Supreme Court. *See Bourgeois*, 2012 WL

2234363, at \*1 (certifying question where "the viability in Maryland of a claim for 'money had

and received' (Count I), based on the violation of a local ordinance, is uncertain in light of present

Maryland appellate case law.").

Likewise, where there is "conflict" concerning a state law, a question should be certified.

*See Antonio*, 749 F.3d at 237 (declining to decide between "conflicting indicators" of the meaning

of a statute, and since resolution of the statute's meaning may be determinative of plaintiff's

claims, certifying question to Maryland Supreme Court).

Here, there is no dispute that Maryland law implies the Good Faith Duty in all contracts

governed by Maryland law. *See, e.g.*, *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d

175, 182 (4th Cir. 2000) ("Maryland law recognizes an implied covenant of good faith and fair

dealing in all negotiated contracts."); *Daniyan v. Viridian Energy LLC*, 2015 WL 4031752, at \*4

(D. Md. June 30, 2015) (Russell, J.) ("Maryland recognizes that every contract imposes a duty of

good faith and fair dealing in its performance.").

The precise scope of the Good Faith Duty, however, has been articulated inconsistently by

multiple Maryland state and federal courts for over a decade, and is thus long unsettled. The

Proposed Question squarely addresses this inconsistency.

On the one hand, several Maryland Supreme Court decisions have articulated the Broad

View of the Good Faith Duty, *i.e.*, that the Good Faith Duty obligates a party to a contract to refrain

from any action that would have the effect of injuring or frustrating the right of counterparty to

receive the fruits of the contract between them. *See, e.g.*, *WSC/2005 LLC v. Trio Ventures Assocs.*,

190 A.3d 255, 268 (Md. 2018) ("a contracting party acts in bad faith when doing anything that

will have the effect of injuring or frustrating the right of the other party to receive the fruits of the contract between them."); *Questar Builders, Inc. v. CB Flooring, LLC*, 978 A.2d 651, 675 (Md. 2009) ('[U]nder the covenant of good faith and fair dealing, a party [exercising discretion must] refrain from doing anything that will have the effect of frustrating the right of the other party to receive the fruits of the contract between them."); *Clancy v. King*, 954 A.2d 1092, 1109 (2008) ("under the covenant of good faith and fair dealing, a party impliedly promises to refrain from doing anything that will have the effect of injuring or frustrating the right of the other party to receive the fruits of the contract between them.").

Decisions in this District applying Maryland law have also articulated the Broad View of the Good Faith Duty. *See, e.g.*, *Layani v. Ouazana*, 2022 WL 11949038, at *7 (D. Md. Oct. 20, 2022) (Gallagher, J.) (in "every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."); *Wal-Mart Real Est. Bus. Tr. v. Garrison Realty Invs*., LLC, 2022 WL 3647781, at *6 (D. Md. Aug. 24, 2022) (Bennett, J.) ("[U]nder the covenant of good faith and fair dealing, a party impliedly promises to refrain from doing anything that will have the effect of injuring or frustrating the right of the other party to receive the fruits of the contract between them.").[4]

On the other hand, there is at least one Maryland Supreme Court decision that has articulated the Narrow View of the Good Faith Duty, *i.e.*, that the Good Faith Duty is limited to prohibiting one party to a contract from acting in such a manner as to prevent the counterparty from performing its contractual obligations. *See Blondell v. Littlepage*, 991 A.2d 80, 90-91 (2010)

---

[4] Additional authorities articulating the Broad View are cited at pages 3-5 of Plaintiffs' opposition to the Motion to Dismiss of Cedar and Wheeler. (Dkt. No. 46).

(the Good Faith Duty "'simply prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract.").

Decisions in this District applying Maryland law have also articulated the Narrow View of the Good Faith Duty. *See, e.g.*, *Whitfield v. Liberty Mut. Grp. Inc.*, 2019 WL 1099077, at \*6 n. 12 (D. Md. Mar. 8, 2019) (Russell, J.) ("The implied duty of good faith prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract."); *Willis v. Bank of Am. Corp.*, 2014 WL 3829520, at \*38 (D. Md. Aug. 1, 2014) (Hollander, J.) (Good Faith Duty "implied in all negotiated contracts in Maryland, 'is *limited* to prohibiting one party from acting in such a manner as to prevent the other party from performing his obligations under the contract.") (emphasis in original).[5]

Plaintiffs contend that the Broad View is the correct standard, and that courts articulating the Narrow View have misinterpreted Maryland law. (Dkt. No. 46 at 3-6). Defendants, on the other hand, have argued that the Narrow View is the correct standard. (Dkt. No. 42-1 at 15-19; Dkt. No. 47 at 1-5). Rather than choose between these two positions on a long unsettled issue of Maryland law, Plaintiffs respectfully submit that the Court should certify the Proposed Question to the Maryland Supreme Court so it can clarify the correct standard in a precedential decision that will be binding on all Maryland state and federal courts.

### III.   The Court Should Exercise its Discretion to Certify the Proposed Question

When a motion to certify satisfies the prerequisites for certification, the decision whether to certify a question rests in the discretion of the federal court. *Lehman*, 416 U.S. at 391. Here, the

---

[5] Additional authorities articulating the Narrow View are cited at (i) pages 15-18 of the opening brief of Cedar and Wheeler in support of their Motion to Dismiss (Dkt. No. 42-1), and (ii) page 2 of the reply brief of Cedar and Wheeler in support of their Motion to Dismiss. (Dkt. No. 47).

Court should exercise its discretion in favor of certification. Doing so will ensure "the correct legal outcome" (*Sartin*, 535 F.3d at 291 n.6), and "the proper application of Maryland law" (*Tapestry*, 599 F. Supp. 3d at 334), in a precedential decision on a long unsettled legal question essential to resolving Plaintiffs' claim for breach of the Good Faith Duty.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to (i) certify the Proposed Question to the Supreme Court of Maryland, and (ii) grant such other relief as the Court deems just and proper.

Dated: February 2, 2023      Respectfully submitted,

*/s/ Donald J. Enright*

**LEVI & KORSINSKY LLP**
Donald J. Enright
Bar Number: 13551
1101 30th Street, NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
denright@zlk.com

**WOHL & FRUCHTER LLP**
Joshua E. Fruchter (*admitted pro hac vice*)
25 Robert Pitt Drive, Suite 209G
Monsey, NY 10952
Tel: (845) 290-6818
jfruchter@wohlfruchter.com

**HEFFNER HURST**
Matthew Heffner
Matthew Hurst
30 North LaSalle Street, Suite 1210
Chicago, Illinois 60602
Tel: (312) 346-3466
mheffner@heffnerhurst.com
mhurst@heffnerhurst.com

**BERGER MONTAGUE PC**
Michael Dell'Angelo
Lawrence Deutsch
Andrew Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3062
ldeutsch@bm.net
aabramowitz@bm.net

*Counsel for Plaintiffs and [Proposed] Lead*
*Counsel for Putative Class*