IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN RE CEDAR REALTY TRUST, INC. | ) | |
| PREFERRED SHAREHOLDER LITIGATION | ) | |
| | ) | **CONSOLIDATED** |
| | ) | |
| | ) | Case No.:  8:22-cv-1103-GLR |
| | ) | |
| _____ | ) | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTION OF LAW TO THE SUPREME COURT OF MARYLAND

Defendants Cedar Realty Trust, Inc. ("Cedar"), Cedar Realty Trust Partnership, L.P. ("Cedar LP"), Wheeler Real Estate Investment Trust, Inc. ("Wheeler") and the individual defendants (the "Former Cedar Directors") respectfully submit this opposition to plaintiffs' motion to certify a question of law to the Supreme Court of Maryland.

As more fully set forth below, the plaintiffs are not entitled to the extraordinary relief they seek in this motion because they cannot establish that there is an issue worthy of certification to Maryland's highest court for two reasons.  First, the question on which the plaintiffs seek certification is not likely to be outcome determinative in this case.  Second, Maryland law setting forth the narrow scope of the implied covenant of good faith and fair dealing implied into a contract governed by Maryland law (absent special circumstances – none of which are present here) is well-defined.  The Maryland appellate courts and the Maryland federal courts have routinely applied the narrow standard for many years in many cases.  The guidance from Maryland's Supreme Court (formerly the Court of Appeals) on the issue is not inconsistent as plaintiffs misleadingly contend.

This Court should not delay the ultimate resolution of this case by certifying an issue to Maryland's highest court where it is more than capable of applying the law as it has already done in its ruling denying a preliminary injunction.

**I.     A FEDERAL COURT SHOULD NOT EXERCISE ITS DISCRETION TO CERTIFY AN ISSUE TO A STATE'S HIGHEST COURT UNLESS THERE IS A DEARTH OF CONTROLLING LAW AND THE FEDERAL COURT CANNOT REACH A REASONABLE AND PRINCIPLED DECISION ON ITS OWN.**

The plaintiffs make it seem that certifying an issue to a state's highest court is a routine matter.  It is not.  Rather than being a regular event, the cases repeatedly articulate that the certification procedure should be invoked only where there are truly unsettled decisions of state law that a capable federal court cannot sort out on its own:

> The Maryland Court of Appeals "may answer a question of law certified to it by a court of the United States ... if the answer may be determinative of an issue in pending litigation ... and there is no controlling appellate decision, constitutional provision, or statute." Md. Code Ann., Cts. & Jud. Proc. § 12-603. That said, the decision to certify a question to the Court of Appeals rests within the discretion of the reviewing court. *See Boyter v. C.I.R.*, 668 F.2d 1382, 1385 (4th Cir. 1981); *accord Marshall v. James B. Nutter & Co.*, No. RDB–10–3596, 2013 WL 3353475, at *7 (D. Md. July 2, 2013); *Hafford v. Equity One, Inc.*, AW–07–1633, AW–06–0975, 2008 WL 906015, at *4 (D. Md. Mar. 31, 2008). "In exercising such discretion, federal courts may decide not to certify a question to a state court where the federal court can reach a 'reasoned and principled conclusion.'" *Marshall*, 2013 WL 3353475, at *7 (quoting *Hafford*, 2008 WL 906015, at *4). Accordingly, "[c]ertification should not be invoked 'absent genuinely unsettled matters of state law.'" *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 621 (D. Md. 2013) (quoting *Arrington v. Colleen, Inc.*, Nos. AMD 00–191, AMD 00–421, AMD 00–1374, 2001 WL 34117735, at *5 (D. Md. Mar. 29, 2001)); *see also Swearingen v. Owens–Corning Fiberglas Corp.*, 968 F.2d 559, 564 (5th Cir. 1992) ("Certification [is] not ... a panacea for resolution of those complex or difficult state law questions which have not been answered by the highest court of the state." (internal quotation marks omitted)).

*Flournoy v. Rushmore Loan Management Services, LLC,* 2020 WL 1285504 (D. Md. March 17, 2020) (Xinis, J.) at *9.  "Only if the available state law is clearly insufficient should the court certify the issue to the state court." *Roe v. Doe,* 28 F.3d 404, 407 (4th Cir.1994) (citing *Smith v. FCX, Inc.,* 744 F.2d 1378, 1379 (4th Cir.1984), *cert. denied,* 471 U.S. 1103 (1985)).

As the court explained in the Arrington decision:

> "[T]he availability of certification is such an important resource to this court that we will not risk its continued availability by going to that well too often." *Jefferson v. Lead Indus. Ass'n, Inc.,* 106 F.3d 1245, 1247 (5th Cir.1997). Certification should not be invoked "absent genuinely unsettled matters of state law." *Id.* A matter of state law is not "genuinely unsettled" just because of the "absence of a definitive answer from the state supreme court on a particular question." *Id.* When there exist ample precedent to guide federal court adjudication, the court must decide the case as would a state intermediate appellate court. *Id., citing Transcon. Gas Pipeline Corp. v. Transp. Ins. Co.,* 958 F.2d 622, 623 (5th Cir.1992). When this guidance is available, the federal court *should* decide the case before it rather than staying and prolonging the proceedings.

*Arrington v. Colleen, Inc.,* 2001 WL 34117735 (D. Md. March 29, 2001) (Davis, J.) at * 5. *See*

*also Danzi v. American Honda Motor Co., Inc.*, 2019 WL 13244010 (D. Md. June 10, 2019)

(Russell, J.) at *1-*2 (stating standard and denying motion to certify).

## II.   THE MOTION SHOULD BE DENIED BECAUSE THE ISSUE THE PLAINTIFFS ASK THE COURT TO CERTIFY IS NOT CONTROLLING AND IS ONE THAT HAS BEEN DECIDED BY MARYLAND'S HIGHEST COURT

The Maryland Supreme Court "may answer a question of law certified to it by a court of

the United States ... if [1] the answer may be determinative of an issue in pending litigation ...

and [2] there is no controlling appellate decision, constitutional provision, or statute…." Md. Cts.

& Jud. Proc. § 12-603.[1]   Here the instant motion fails both prongs of this standard.

---

[1]     The Maryland Supreme Court is one of limited jurisdiction, hearing a limited number of civil cases each year, and then only by granting a writ of certiorari after finding that review is needed to secure uniformity of decision or that the presence of other special circumstances makes review of one or more issues desirable and in the public interest, Md. Cts. & Jud. Proc. Code § 12-305, or by certification of the issue pursuant to the Maryland Uniform Certification of Questions of Law Act, Md. Cts. & Jud. Proc. Code §§ 12-601, *et. seq.* The Maryland Supreme Court may refuse to answer a certified question that does not merit its review.  Md. Cts. & Jud. Proc. Code § 12-607.

- 3 -

The plaintiffs contend that Maryland courts inconsistently define the scope of the covenant of good faith and fair dealing implied into a contract governed by Maryland law. The plaintiffs posit that the implied covenant obligates a party to *all* contracts governed by Maryland law to "broadly refrain from any action that would have the effect of injuring or frustrating the right of the counterparty to receive the fruits of the contract between them." (P. Memo at 2).[2] Certification should be denied because plaintiffs' articulation of the standard would not save them from dismissal of their deficient attempt to allege a breach of the implied covenant of good faith and fair dealing. That is, the issue is not likely to be outcome determinative. Certification should also be denied because Maryland's Supreme Court has pellucidly explained that absent special circumstances or relationships, none of which are present here, the implied covenant of good faith and fair dealing only narrowly precludes a party to a contract from preventing the other party from performing its obligations under the contract.

> A.  The Standard To Be Applied In Determining Whether A Party To a Contract Has Breached The Implied Covenant of Good Faith and Fair Dealing Is Not Likely To Be Controlling Of The Issue In This Case.

Even if there was an issue as to the scope of the implied covenant of good faith and fair dealing in this case (there is not), the answer is not likely to be outcome determinative because no matter the contours of the implied covenant, plaintiffs' contractual claims fail because they have been afforded all of their contractual entitlements. The plaintiffs ask that the implied covenant be defined broadly to preclude a party from taking any action that would have the effect of injuring or frustrating the rights of the counterparty to receive the fruits of the contract between them. (P. Memo at 2). But the Cedar preferred stockholders have not been deprived of any of the fruits promised them in their contract (*i.e.,* the Articles Supplementary). The preferred

---

[2]  References to the plaintiffs' memorandum in support of the motion to certify, ECF 60-1, are cited as "P. Memo at __."

9962135.4  57161/148694  2/24/23

stockholders still have their liquidation preference and conversion rights, and while Cedar

believes there are sufficient assets to fund the liquidation preference should the issue ever arise,

the contract clearly states that need not be the case. *See* Reply Memorandum In Support of the

Motion to Dismiss, ECF 47 at 6-8. This Court recognized the plaintiffs had not alleged they

were deprived of the fruits of their contract in denying the plaintiffs' motion for a preliminary

injunction: "As an initial matter, the plaintiffs failed to establish that any action by the Cedar

defendants impeded their ability to receive the fruits of their contract. Rather, plaintiffs are

simply frustrated by the bounds of that Contract." ECF 30 at transcript pp. 10-11. Accordingly,

the plaintiffs cannot satisfy the first prong of the test needed for a court to certify an issue

because the issue is not likely to be outcome determinative even under their contention as to the

scope of the implied covenant.

   B.  Maryland's Highest Court Has Consistently Defined The Standard To Be Applied In Determining Whether A Party Has Stated A Cause Of Action For Breach Of The Implied Covenant of Good Faith.

   The second predicate before a question can be certified is that the issue has not been

addressed by the highest court of the state. The Maryland Supreme court decisions are clear.

The plaintiffs concede that Maryland's Supreme Court in *Blondell v. Littlepage,* 413 Md. 96, 114

(2010), defined the scope of the implied covenant of good faith and fair dealing in a contract

governed by Maryland law. (P. Memo at 7-8). The covenant of good faith and fair dealing

implied into a contract precludes a party from preventing the other party from fulfilling its

contractual obligations. This standard has been applied for many years, both by federal and state

courts, in dismissing cases for failure to state a claim. *See* Memorandum In Support of Motion to

Dismiss, ECF 42-1 at 18 (citing federal cases). Two years after *Blondell,* the Maryland Supreme

Court reiterated the limited scope of the covenant in *CR-RSC Tower I, LLC v. RSC Tower I,*

*LLC,* 429 Md. 387, 450 n. 53 (2012) (quoting from *Blondell*): "'[T]he covenant of good faith and

fair dealing ... *simply prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract.* In short, while the implied duty of good faith and fair dealing recognized in Maryland requires that one party to a contract not frustrate the other party's performance, *it is not understood to interpose new obligations about which the contract is silent, even if inclusion of the obligation is thought to be logical and wise.* An implied duty is simply a recognition of conditions inherent in expressed promises.' (citations and quotation marks omitted)." (emphasis added).[3]

The plaintiffs therefore resort to asserting that the Maryland case law on the scope of what they refer to as the good faith duty "has been articulated inconsistently by multiple Maryland state and federal courts for over a decade, and thus is long unsettled." (P. Memo at 6). For this proposition, the plaintiffs rely on three Maryland Supreme Court decisions as having ignored its own decisions in *Blondell* and *CR-RSC Tower 1* and having articulated a broader view of the so-called "good faith duty." *Clancy v. King,* 405 Md. 541, 570-71 (2008); *Questar Builders, Inc. v. CN Flooring, Inc.*, 410 Md. 241, 281 (2009); and *WSC/2005 LLC v. Trio Ventures Associates,* 460 Md. 244, 266 (2018). But the Maryland Supreme Court has done no such thing. As explained in the reply brief in support of the motion to dismiss, each of those cases presents special circumstances and relationships not present here. In those cases, the Supreme Court found that a party to a contract cannot exercise its discretion in bad faith with an intent to injure the other party. Those cases do not expand the scope of the implied covenant of

---

[3]     This Court has applied the standard established by Maryland's Supreme Court in at least two other cases. *Daniyan v. Viridian Energy LLC,* 2015 WL 4031752 at * 4 (D. Md. June 30, 2015) (Russell, J.) (granting 12(b)(6) motion and denying motion to amend); *see also Whitfield v. Liberty Mutual Group, Inc.*, 2019 WL 1099077 *6 at n. 12 (D. Md. March 8, 2019) (Russell, J.). In denying the motion for a preliminary injunction in this case, the Court also recited the standard. ECF 30 at transcript p. 11.

good faith and fair dealing implied into every contract absent such special circumstances and do not add new obligations to the contract. Rather, they limit how an existing obligation can be exercised. *See* ECF 47 at 7-11.[4] The plaintiffs have not in any way rebutted that discussion, but instead continue to baldly and incorrectly assert that Maryland's Supreme Court has applied inconsistent standards or ignored its own precedent.

Plaintiffs neglect to inform the Court that the Maryland Supreme Court in the *Blondell* decision, as it set forth the narrow scope of the implied covenant, cited to the *earlier decided Clancy case. Blondell*, 413 Md. at 113-14.  The Court's *Clancy* citation in *Blondell* was not for some other proposition – it was cited right before the paragraph in which the Maryland Supreme Court set forth the narrow scope of the implied covenant. It seems that the plaintiffs' unstated argument is that even though the Maryland Supreme Court expressly cited to the *Clancy* case when it set forth the narrow scope of the implied covenant of good faith and fair dealing in *Blondell*, it did not know what it was doing and created an inconsistency.  Such sophistry must be rejected.  Further, the *Questar* opinion on which the plaintiffs also rely in their attempt to portray inconsistencies in the Maryland Supreme Court's decisions was decided three years before *CR-RSC Tower I, LLC,* a decision in which the Maryland Supreme Court quoted without reservation the *Blondell* articulation of the narrow scope of the implied covenant of good faith and fair dealing.

Finally, the plaintiffs do not call the Court's attention to *Polek v. J.P. Morgan Chase Bank, N.A.,* 424 Md. 333, 362–63 (2012), where the Maryland Supreme Court again cited to the narrow definition of the implied covenant as prohibiting one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract,

---

[4]     A copy of those pages is appended for the Court's convenience as Exhibit 1.

and after citing to *Clancy,* observed that "*[a]bsent special circumstances,* however, no new

obligations on the parties are imposed, where the contract is silent, by the implied covenant of

good faith and fair dealing.  *Blondell,* 413 Md. at 114, 991 A.2d at 90 . . . ."  (emphasis added).

The Maryland Supreme Court has been consistent in its statement of the limited and narrow

scope of the implied covenant of good faith and fair dealing in Maryland absent special

circumstances not present here. [5]

Importantly, the plaintiffs have not argued that this is a case involving special

circumstances such as those present in the cases on which they rely.  Nor could they. Here, the

plaintiffs do not challenge Cedar's exercise of discretion afforded it by a contractual provision.

Rather, the plaintiffs seek certification of the standard of good faith that they claim should be

implied into *"all contracts"*. (P.  Memo at 2).

Indeed, the plaintiffs' argument that the Court should allow an inquiry into the good faith

and fairness of the transaction to Cedar's preferred stockholders would be to rewrite the parties'

contract – the Articles Supplementary – to impose new obligations on Cedar. It is a result that

would stand the objective law of contracts applied in Maryland on its head by allowing any party

to a contract to argue that even though the other party's actions did not breach the contract, a

court should allow the finder of fact to determine if the result is "unfair."  In short, the plaintiffs

seek the creation of a standard that would effectively preclude a court from granting a motion to

---

[5]     Without repeating the full discussion of the cases set forth in the excerpt from the reply
brief appended as Exhibit 1, the special circumstance in *Clancy* was created by an express
provision of the applicable statutory partnership act requiring the parties to act in good faith; the
special circumstance in *Questar* was created because the contract allowed termination for
convenience, a clause which the court found could exist under Maryland law but required a party
to act in good faith in exercising its discretion to terminate the relationship; and the contract in
*WSC/2005 LLC* required good faith where the contract expressly required a party to use
reasonable efforts to obtain new tenant.  As noted, the plaintiffs have not raised the existence of
any such special circumstances here, and there are none.

9962135.4  57161/148694  2/24/23

dismiss a breach of contract claim because a party alleges the other did not act in good faith.  The

Court does not need an opinion from Maryland's Supreme Court to reject the standard

championed by plaintiffs.[6]

### CONCLUSION

For the foregoing reasons, the plaintiffs' motion to certify to the Maryland Supreme

Court the issue as to the scope of the covenant of good faith and fair dealing implied into a

contract governed by Maryland law should be denied.


*/s/ Jerrold A. Thrope*
Jerrold A. Thrope (Bar No. 01376)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland  21202
(410) 576-4295 (Phone/Fax)
jthrope@gfrlaw.com

*/s/ Elizabeth G. Clark*
Elizabeth G. Clark
Alston & Bird
90 Park Avenue, 15th Floor
New York, NY  10016-1387
(212) 210-9400 (Phone)
(212) 210-9444 (Fax)
Elizabeth.Clark@alston.com
*admitted pro hac vice

*Attorneys for Defendants Cedar Realty Trust, Inc.,
Cedar Realty Trust Partnership, L.P., and Wheeler
Real Estate Investment Trust, Inc.*

---

[6]      The plaintiffs' contention would also effectively create a stand alone cause of action for breach of the implied covenant of good faith and fair dealing, a position the Maryland appellate court has rejected.  *Mount Vernon Properties, LLC v. Branch Banking and Trust Co.*, 170 Md. App. 457, 471-72 (2006).

By: ___/s/ William M. Krulak, Jr._____


William M. Krulak, Jr. (Fed. Bar No. 26452)
Megan J. McGinnis (Fed. Bar No. 12810)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
T/F: 410-385-3448
wkrulak@milesstockbridge.com
mmcginnis@milesstockbridge.com

Douglas H. Flaum (admitted *pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
dflaum@goodwinlaw.com

Jennifer Burns Luz (admitted *pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
jluz@goodwinlaw.com

*Counsel for Defendants Bruce J. Schanzer, Gregg
A. Gonsalves, Abe Eisenstat, Steven G. Rogers,
Sabrina Kanner, Darcy D. Morris, Richard H.
Ross, and Sharon Stern*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __24th__ day of February, 2023, a copy of the foregoing

was electronically filed and served through the Court's CM/ECF system.


/s/ Jerrold A. Thrope_____
Jerrold A. Thrope