Defendants Cedar Realty Trust, Inc. ("Cedar"), Cedar Realty Trust Partnership, L.P. ("Cedar LP") and Wheeler Real Estate Investment Trust, Inc. ("Wheeler") respectfully submit this reply memorandum in support of their motion to dismiss the Complaint for failure to state a claim upon which relief can be granted.

## I. THE BREACH OF CONTRACT CLAIMS IN COUNT I SHOULD BE DISMISSED

The breach of contract claim against Cedar and its former directors should be dismissed.[1]

### A. The Complaint Does Not State A Claim For Breach of the Implied Contractual Covenant of Good Faith and Fair Dealing

The plaintiffs spend the bulk of the briefing on the breach of contract claim (the only claim against Cedar) trying to explain why they have stated a claim for breach of the implied covenant of good faith and fair dealing. (Opp. at 3 – 15).[2] For the reasons set forth below, the plaintiffs have not stated a claim.

#### 1. The Scope of the Covenant Is Limited To Actions Preventing A Party From Performing Its Obligations Under The Contract

The covenant of good faith and fair dealing implied into a contract is limited to actions preventing a party from performing its contractual obligations. (Memo. at 15 – 18). The Maryland appellate cases cited for that proposition have never been questioned, limited or

---

[1] The Director Defendants explained in the memorandum supporting their motion to dismiss that Count I must be dismissed as to them because they are not parties to the Articles. (ECF 41 at 6 – 8). Plaintiffs have ignored this argument and by "failing to respond, they have conceded the point." *McRae v. Westcor Land Title Insurance Company*, 2017 WL 1239682, at *3 (D. Md. March 17, 2017)(citing *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010)); *see also O'Reilly v. Tsottles*, 2021 WL 424415 at *7 (D. Md. Feb. 8, 2021)(Russell, J.)("it is customary practice in this Court to deem claims abandoned to the extent a plaintiff fails to respond to a motion to dismiss those claims").

[2] References to Plaintiffs' Memorandum In Opposition to The Motion to Dismiss of Cedar and Wheeler, ECF 46, are ("Opp. at __"). References to the Memorandum of Cedar and Wheeler in Support of Their Motion to Dismiss, ECF 42-1, are ("Memo. at __").

9820704.  **EXHIBIT 1**

overruled by any court. This Court has so held. *Daniyan v. Viridian Energy LLC,* 2015 WL 4031752 at * 4 (D. Md. June 30, 2015) (Russell, J.)(granting 12(b)(6) motion and denying motion to amend); *see also Whitfield v. Liberty Mutual Group, Inc.*, 2019 WL 1099077 at n. 12 (D. Md. March 8, 2019) (Russell, J.). The plaintiffs remarkably contend that Maryland's highest court (and by extension each of the numerous cited federal court decisions dismissing cases based on that precedent) misinterpreted Maryland law in so holding. (Opp. at 5 – 6). The Court should not indulge the plaintiffs' request that it overturn Maryland highest court's decision on the contours of Maryland law.

In support of their misleading argument that the implied covenant has a broader scope, the plaintiffs cherry-pick sentences from decisions where a broader good faith standard applies because of the particular relationship of the parties or subject matter of the contract. They primarily rely on *Clancy v. King,* 405 Md. 541 (2008), in asserting that the implied covenant of good faith and fair dealing should be given a broader interpretation. The *Clancy* case is a partnership case addressing the duties between partners under the Maryland Revised Uniform Partnership Act ("MRUPA"), an Act not applicable here. In *Clancy*, the author Tom Clancy's ex-wife and partner filed suit to prevent him from withdrawing his name from a book series titled Tom Clancy's Op-Center. The court found that Clancy had personally retained discretion to control the future of the book series and that he and his partner ex-wife had waived their fiduciary duties in their partnership agreement. However, the provision of the MRUPA applicable in that case (but not here), Md. Code Ann., Corps. & Ass'ns Art. § 9A-103(b)(5), and the partnership agreement itself provided an overarching and non-waivable obligation of the partners to act toward each other in in good faith. Therefore, notwithstanding his unilateral right to withdraw his name from the series, Tom Clancy had an express contractual duty not to act in

9820704.

bad faith – *i.e.*, not to spite his partner by withdrawing his name from the series to deprive her of income. The *Clancy* case did not broaden the scope of the Maryland common law contractual implied covenant of good faith and fair dealing.

The plaintiffs also rely on *Questar Builders, Inc. v. CB Flooring, Inc.*, 410 Md. 241 (2009), for the proposition that parties to a contract have an implied broad overarching duty of good faith to each other. *Questar* presented a case of first impression under Maryland law*, i.e.*, whether a "termination for convenience clause" used in governmental military contracts could be enforced in private contracts, and, if so, what standard should be used to find whether such a clause was breached by a party terminating a contract for its convenience. The court concluded that a termination for convenience clause could be enforced in a civil contract, but to avoid the contract being illusory, its exercise was subject to a covenant of good faith and fair dealing. *Questar* did not expand the limited scope of the implied covenant of good faith and fair dealing under Maryland law.[3]

*Eastern Store Markets, Inc. v. J.D. Associates Limited Partnership*, 213 F.3d 175 (4th Cir. 2000), also cited by plaintiffs, was a case where a grocery store shopping center supermarket tenant with a percentage rental lease asserted the landlord breached an implied covenant not to

---

[3] The contract in *Clancy* expressly gave Mr. Clancy the discretionary right to control the future of the Op-Center series. The contract in *Questar* expressly gave Questar the discretion to terminate the contract. The cases held (for different reasons) that a party could not exercise the express discretion given by a contractual provision to take an action in bad faith. The contract in *WSC/2005 LLC v. Trio Venture Associates*, 460 Md. 244 (2018), required a party to use commercially reasonable efforts to obtain new tenants. The court found an arbitrator "did not manifestly disregard the law" by concluding the party breached its duty to exercise its discretion in good faith when it sold the building to avoid the obligation. Here, the plaintiffs do not rely on, and the Articles do not contain, an express provision giving Cedar discretion to take some action which the plaintiffs contend Cedar took in bad faith. Rather, plaintiffs improperly seek the imposition of a broad good faith duty where there has been no breach of the contract itself. Maryland law does not recognize such a stand-alone good faith cause of action. *Mount Vernon Properties, LLC v. Branch Banking and Trust Co.,* 170 Md. App. 457, 471 – 72 (2006).

- 3 -
9820704.

engage in destructive competition when it built another supermarket in the center. Relying on two prior Maryland decisions, the court concluded that a lease providing for rent calculated at least in part based on a percentage of sales may (or may not), depending on the circumstances surrounding the formation of the lease, gave rise to an implied covenant to refrain from destructive competition. Indeed, Judge Niemeyer remanded for consideration as to whether there are "facts and defenses counseling against the implication of such a covenant." *Id.* at 185. The same issue arose in *RRC Northeast, LLC v. BAA Maryland, Inc*., 413 Md. 638 (2010), where the court found a case brought by the operator of airport stores with a percentage rent clause had been properly dismissed because as a matter of law there was no implied covenant against the operator of the airport opening additional airport stores. The percentage rent cases which determine on a case-by-case basis whether there is an implied covenant against destructive competition are inapposite here, and do not expand the scope of the implied covenant of good faith and fair dealing under Maryland law.

The plaintiffs also mistakenly rely on *Neal v. Monumental Realty LLC*, 2016 WL 1733193 (Md. Ct. Spec. App. April 29, 2016) which cannot be cited in a Maryland court for any precedential or persuasive reasoning because it is an unreported decision. Md. Rule 1-104. As such, the extent to which a federal court should rely on it in discerning the contours of Maryland law is at best questionable. In any event, while the court cited to *Clancy* in reversing the grant of a judgment notwithstanding the verdict, as evident from the quote in plaintiffs' opposition (Opp. at 9), there was sufficient evidence before the *Neal* jury to support the conclusion that the

defendant had breached the express terms of the contract, making any reference to the implied covenant dicta.[4]

In short, the Maryland appellate courts have not watered down binding Maryland precedent that the reach of the implied covenant of good faith and fair dealing is limited to actions preventing the other party from performing its obligations under the contract and the Court should reject the plaintiffs' invitation to do so here.

> 2. The Plaintiffs Have Not Stated A Claim For Breach Of The Implied Covenant of Good Faith and Fair Dealing Implied Into A Contract Even Under Their Interpretation Of Its Scope

The plaintiffs aver that the covenant of good faith and fair dealing implied into a contract is breached where the plaintiff is deprived of the benefit of a specific provision of the contract. Even if the implied covenant of good faith and fair dealing could be interpreted as broadly as plaintiffs aver (it cannot), the plaintiffs have not stated a claim for its breach.

> a. The Implied Covenant Cannot Require Cedar To Structure A Merger That Provides Cash To The Preferred Stockholders

Under plaintiffs' view, there would be a claim that Cedar breached an implied covenant of good faith and fair dealing in any sale or merger transaction where the liquidation or conversion rights were not triggered and the cash consideration was not distributed to the

---

[4] Another case cited by plaintiffs, *Easley v. Easley*, 2017 WL 1461637 (Md. Ct. Spec. App. April 25, 2017), is similarly an unreported case that cannot be cited as precedential or persuasive authority in Maryland. That case relied on *Clancy* for the dubious position that an ex-wife breached the implied covenant of good faith and fair dealing to spite her ex-husband by selling assets they had recently divided at a time when he had responsibility under their agreement for paying the taxes on the capital gains. Like *Clancy*, it was a case where an ex-spouse tried to cause economic harm to his or her former spouse, but the similarity ends there. The case does not provide support for the plaintiffs' attempt to invoke a general obligation of good faith independent of contractual obligations.